CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
<u>Mail</u>: PO Box 262490
San Diego, CA 92196-2490
<u>Delivery</u>: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Chris Langer**,<br><br>    Plaintiff,<br><br>v.<br><br>**Yang Hua Xi**; and Does 1-10,<br><br>    Defendants. | **Case No**.<br><br>**Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Chris Langer complains of Defendants Yang Hua Xi; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is a paraplegic who cannot walk and who uses a wheelchair for mobility. He has a specially equipped van with a ramp that deploys out of the passenger side of his van and he has a Disabled Person Parking Placard issued to him by the State of California.

2. Defendant Yang Hua Xi owned the real property located at or about 5333 Hollywood Blvd., Los Angeles, California, in October 2015.

3. Defendant Yang Hua Xi owns the real property located at or about 5333 Hollywood Blvd., Los Angeles, California, currently.

4. Defendant Yang Hua Xi owned the Hollywood Premiere Motel ("Motel") located at or about 5333 Hollywood Blvd., Los Angeles, California, in October 2015.

5. Defendant Yang Hua Xi owns the Hollywood Premiere Motel ("Motel") located at or about 5333 Hollywood Blvd., Los Angeles, California, currently.

6. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is

Complaint

founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. The Plaintiff went to the Motel in October 2015 to stay the night after he attended a concert in the area.

11. The Motel is a facility open to the public, a place of public accommodation, and a business establishment.

12. Parking spaces are one of the facilities, privileges and advantages specifically reserved by defendants to persons at the property serving the Motel.

13. Unfortunately, although parking spaces were one of the facilities available to patrons of the Motel, there was not a single compliant van-accessible handicap parking space available for persons with disabilities that complied with the Americans with Disability Act Accessibility Guidelines (ADAAG) in October 2015.

14. Currently, there are no compliant, van-accessible parking spaces designed and reserved for persons with disabilities in the parking lot serving the Motel.

15. Instead, there is just a single parking space that serves persons with disabilities who do not drive vans. The parking space is 96 inches in width while the access aisle is 60 inches in width. This is not van accessible.

16. Plaintiff, on information and belief, alleges that there used to be an accessible parking space designed and reserved for persons with disabilities on the property prior to October 2015.

17. The parking lot looks to have recently been restriped. The defendants likely removed the old, van-accessible parking space and replaced it with a smaller parking space that is not van accessible.

Complaint

18. Defendants had no policy or procedure in place to make sure that the accessible van parking space was maintained and remained useable in the parking lot in October 2015.

19. Defendants have no policy or procedure in place to make sure that the accessible van parking space remains useable in the parking lot currently.

20. The plaintiff personally encountered these problems. This inaccessible condition denied the plaintiff full and equal access and caused him difficulty and frustration.

21. As a result of not being able to park at this property, plaintiff had to go to another motel about two miles away. Plaintiff was able to successfully stay the night nearby.

22. Additionally, and even though plaintiff did not personally confront the barrier, the swimming pool does not have an accessible means of entrance or exit and is not accessible to persons with disabilities.

23. Plaintiff would like to return and patronize the Motel.

24. Plaintiff travels, eats, and shops and otherwise patronizes businesses in Los Angeles County on a regular and ongoing basis.

25. Because of the location of the Motel, plaintiff would like to return.

26. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

27. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

28. Plaintiff is and has been deterred from returning and patronizing the

Complaint

Motel because of his knowledge of the illegal barriers that exist. Plaintiff will, nonetheless, return to the business to assess ongoing compliance with the ADA and will return to patronize Motel as a customer once the barriers are removed.

29. Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

30. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiffs and against all defendants (42 U.S.C. section 12101, et seq.)

31. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

32. Under the ADA, it is an act of discrimination to fail to ensure that the

Complaint

privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

33. Any business that provides parking spaces must provide accessible parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. One in every eight of those accessible parking spaces but not less than one must be a "van" accessible parking space, *i.e.*, having an eight foot access aisle. 1991 Standards § 4.1.2(5)(b). Under the 2010 Standards, one in every six accessible parking spaces must be van accessible. 2010 Standards § 208.2.4.

Complaint

34. Here, the lack of a van-accessible parking space is a violation of the law.

35. In 2010, the DOJ adopted the 2010 Standards for Accessible Design. It requires pools to have an accessible means of entry and exit for persons with disabilities. The 2010 Standards establish two categories of pools: large pools with more than 300 linear feet of pool wall and smaller pools with less than 300 linear feet of wall. Large pools must have two accessible means of entry, with at least one being a pool lift or sloped entry; smaller pools are only required to have one accessible means of entry, provided that it is either a pool lift or a sloped entry. See 2010 ADA Standards § 242 and 1009.

36. Because these pools predated the adoption of the 2010 Standards, the defendants were required to modify the pools to provide the accessible means of entry and exit to the extent that it was readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). For an existing pool, removing barriers may involve installation of a fixed pool lift with independent operation by the user or other accessible means of entry that complies with the 2010 Standards. If installation of a fixed lift is not readily achievable, the public accommodation may then consider alternatives such as use of a portable pool lift that complies with the 2010 Standards.

37. In the present case, the defendants have failed to provide any accessible means of entry and exit at its pool. There is no excuse for this. Although the Department of Justice adopted the 2010 Stands in 2010, the compliance date was not until March 15, 2012 to provide business and operators such as the defendants time to comply. That due date was extended to May 21, 2012 to provide additional time for pool owners. That extended date was again extended to September 17, 2012 and, finally, to January 31, 2013 to ensure maximum fairness with respect to compliance. There is no further excuse.

Complaint

38. Here, the defendants failed to provide an accessible pool and, therefore, failed to provide full and equal access to wheelchair users such as the plaintiff.

39. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

40. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

41. Given its location and options, plaintiff will continue to desire to patronize the Motel but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiffs and against all defendants) (Cal Civ § 51-53)

42. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

43. Because the defendants violated the plaintiffs' rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

44. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

Complaint

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52.

Dated: February 24, 2016           CENTER FOR DISABILITY ACCESS

By: _____
Mark Potter, Esq.
Attorneys for Plaintiff

Complaint